Filed 5/23/25  P. v. Glahn CA2/4
# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TREVOR GLAHN,<br><br>    Defendant and Appellant. | B337251<br>(Los Angeles County<br> Super. Ct. No. MA083468) |

APPEAL from an order of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed.

Okabe & Haushalter and Ryan T. Okabe for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Daniel C. Chang, Deputy Attorney General, for Plaintiff and Respondent.

In this appeal, defendant Trevor Glahn challenges the trial court's denial of his motion to suppress evidence obtained following a warrantless search of his home in April 2022. The officer conducting the search erroneously believed Glahn was on searchable probation.

In April 2018, Glahn pled no contest to a felony and was placed on five years' probation. However, effective January 1, 2021, Penal Code section 1203.1[1] was amended by Assembly Bill No. 1950 (Reg. Sess. 2019-2020) (AB 1950) to limit the maximum term of probation a trial court is authorized to impose for most felony offenses to two years. The parties agree that as a result of AB 1950, Glahn's probation terminated by operation of law after two years, and therefore would have terminated upon the effective date of AB 1950, well before the warrantless search in this case. However, Glahn disputes that reasonable efforts were made to determine he was on probation prior to the warrantless search. Therefore, Glahn contends the good faith exception to the exclusionary rule is inapplicable. We disagree and affirm the trial court's order denying the motion to suppress.

## FACTUAL AND PROCEDURAL HISTORY

I.  *Prior Conviction*

On April 12, 2018, Glahn pled no contest to possession of child pornography (§ 311.11, subd. (a)). He was placed on five years' probation. Glahn was subject to the following (relevant) probation conditions: (1) submit his "person and property to search and seizure at any time of the day or night, by any probation officer or other peace officer, with or without a warrant, probable cause or reasonable suspicion"; (2) "submit all electronic

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

devices including computers, cell phone, iPads, laptops, tablets to search and seizure any time of the day or night to any probation officer or other peace officer with or without a warrant, probable cause or reasonable suspicion"; and (3) no possession of "any pornography, including child or adult pornography."

As noted, effective January 1, 2021, AB 1950 amended section 1203.1 to limit the maximum term of probation a trial court is allowed to impose for most felony offenses to two years. (§ 1203.1, subd. (a).)

II.   *Warrantless Search*

On April 20, 2022, Los Angeles County District Attorney Investigator Robert Estrada checked two sources to confirm Glahn was on formal probation with search conditions. Investigator Estrada spoke with Officer Kenneth Huang, Glahn's probation officer, who confirmed that he was on active formal probation. Investigator Estrada also checked the Los Angeles County Superior Court's computer database. He reviewed the last minute order in Glahn's criminal case, dated January 14, 2020, which stated, "probation in effect."

On April 21, 2022, Investigator Estrada, Officer Huang, and other officers conducted a probation compliance search at Glahn's home. While conducting the search, Investigator Estrada recovered Glahn's laptop computer and multiple cell phones. During a preliminary search of his laptop, a forensic investigator uncovered an image appearing to be child pornography, several "anime" type pornographic images, and child erotic photographs. The next day, Investigator Estrada obtained a search warrant for Glahn's electronic devices. Approximately 30 to 50 images of child pornography were uncovered on Glahn's laptop computer.

3

On October 18, 2022, the Los Angeles County District Attorney's Office filed an information charging Glahn with possession of child pornography (§ 311.11, subd. (a)).

III.  *Suppression Motion*

Glahn moved to suppress the evidence obtained from the search of his home.  (§ 1538.5.)  In his motion, he argued that AB 1950 applied retroactively to his probation grant, and as a result, his probation was terminated when AB 1950 became effective (Jan. 1, 2021).  Therefore, he argued the warrantless search of his home was unlawful, and the evidence seized from the search must be suppressed.  In opposition, the People conceded that AB 1950 retroactively terminated Glahn's probation.  However, the People argued the good faith exception to the exclusionary rule applied because Investigator Estrada reasonably relied on the probation officer and the trial court's records.

The court conducted a hearing on the motion to suppress.  After the matter was submitted, the trial court denied the motion.  In its reasoning, the court noted "it is uncontested that . . . the search here . . . was invalid because of the passage of AB 1950."  Therefore, "the question then becomes whether such a constitutional violation is appropriately remedied by application of the judicially created exclusionary rule which prohibits the admission at trial of the evidence obtained during an unlawful search."  The court continued, "So for purposes of application of the exclusionary rule, the issue becomes whether . . . the District Attorney's investigator . . . acted in good faith based on the information provided to him."  The court explained Investigator Estrada verified that Glahn was on probation.  "He goes to the source . . . the probation officer himself.  He even verifies that by going to the

4

court file." The court dispelled the notion that the minute order was "stale" by stating that "the minute orders in the [court] file are kept chronologically. So if the last minute order says that probation is in effect and there isn't a minute order that says probation has terminated, the . . . absence of a [more current] minute order . . . does not affirmatively mean that probation is not in effect." The court concluded it did not find Investigator Estrada's conduct negligent and that he "did everything that we would hope one would do. He didn't just assume the defendant was on probation. He went through the steps to confirm it." Furthermore, "this is not the type of case where deterrence, which is what is behind the judicially created exclusionary rule, would be advanced by excluding the evidence at trial."

IV.    *Conviction and Sentence*

Glahn later pled no contest to possession of child pornography, and he admitted a prior conviction allegation. He was sentenced to four years in state prison.

Glahn appealed.

**DISCUSSION**

I.    *Legal Principles and Standard of Review*

Under the Fourth Amendment, "'searches and seizures inside a home without a warrant are presumptively unreasonable.'" (*People v. Troyer* (2011) 51 Cal.4th 599, 602.) "When a defendant raises a challenge to the legality of a warrantless search or seizure, the People are obligated to produce proof sufficient to show, by a preponderance of the evidence, that the search fell within one of the recognized exceptions to the warrant requirement.

5

[Citations.] A probation search is one of those exceptions. [Citations.]" (*People v. Romeo* (2015) 240 Cal.App.4th 931, 939.)

"Where . . . the search is later found to be invalid," in this instance because a probation condition had expired, "a Fourth Amendment violation is shown and the question thus becomes whether such constitutional violation is appropriately remedied by the application of the judicially created exclusionary rule which prohibits the admission at trial of the evidence obtained during the unlawful search." (*People v. Downing* (1995) 33 Cal.App.4th 1641, 1650–1651 (*Downing*), citing *United States v. Leon* (1984) 468 U.S. 897, 906.) Evidence must be excluded "only where it '"result[s] in appreciable deterrence."'" (*Herring v. United States* (2009) 555 U.S. 135, 141 (*Herring*).) "The Supreme Court has recognized that 'exclusion "has always been our last resort, not our first impulse," [citation] and our precedents establish important principles that constrain application of the exclusionary rule.' [Citation.]" (*People v. Pritchett* (2024) 102 Cal.App.5th 355, 360–361 (*Prichett*).)

"To trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system. . . . [T]he exclusionary rule serves to deter deliberate, reckless, or grossly negligent conduct, or in some circumstances recurring or systemic negligence." (*Herring, supra,* 555 U.S. at p. 144.) "[W]hen police mistakes are the result of negligence . . . , rather than systemic error or reckless disregard of constitutional requirements, any marginal deterrence does not 'pay its way.' [Citation.] In such a case, the criminal should not 'go free because the constable has blundered.' [Citation.]" (*Id.* at pp. 147–148.)

"In reviewing a trial court's decision to [deny] a motion to suppress evidence, we rely on the trial court's express and implied factual findings, provided they are supported by substantial evidence, to independently determine whether the search was constitutional. [Citation.] 'Thus, while we ultimately exercise our independent judgment to determine the constitutional propriety of a search or seizure, we do so within the context of historical facts determined by the trial court.' [Citation.] It is the trial court's role to evaluate witness credibility, resolve conflicts in the testimony, weigh the evidence, and draw factual inferences. [Citation.] We review those factual findings under the deferential substantial evidence standard, considering the evidence in the light most favorable to the trial court's order." (*People v. Moore* (2021) 64 Cal.App.5th 291, 296–297.)

II.    *Analysis*

Glahn argues the trial court erred in concluding the good faith exception applied because both Investigator Estrada and Officer Huang should have been aware of the changes made by AB 1950. We disagree.

For purposes of the good faith exception, the question before this court is "'whether a reasonably well trained officer would have known that the search was illegal' in light of 'all of the circumstances.'" (*Herring, supra,* 555 U.S. at p. 145; *Prichett, supra,* 102 Cal.App.5th at p. 362.) "Police officers[, including probation officers,] are not legal experts. '[W]hat would be reasonable for a well-trained officer is not necessarily the same as what would be reasonable for a jurist.' (*United States v. Workman* (10th Cir. 2017) 863 F.3d 1313, 1321; see *Heien v. North Carolina* (2014) 574 U.S. 54, 67–68 [officer's error of law was reasonable where statute was ambiguous].) Considering the language of AB 1950 and the limited legal authority

7

interpreting it, we do not expect a reasonable officer to know that AB 1950 may have terminated existing probation sentences automatically without a judicial determination." (*Pritchett, supra,* 102 Cal.App.5th at p. 363.)  Section 1203.1, as amended by AB 1950, does not indicate this on its face.  The statute simply states that "[t]he court . . . in the order granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time not exceeding two years." (§ 1203.1, subd. (a)), with a limited exception (*id.,* subd. (l)).

Thus, Investigator Estrada's failure to conduct his own legal analysis of Glahn's probation status prior to the search does not undermine the conclusion that he acted reasonably based on the information he had.  The same logic applies to Officer Huang, Glahn's probation officer, who assisted Investigator Estrada in conducting the warrantless search.  (See *In re Arron C.* (1997) 59 Cal.App.4th 1365, 1372 ["if a probation officer becomes enmeshed in law enforcement activities, such as if he actively participates in a search, it would be appropriate to conclude he is an "'adjunct to the law enforcement team'"" and therefore the exclusionary rule applies].)

Glahn further argues it was unreasonable for Investigator Estrada to rely on the trial court's outdated minute order confirming Glahn's probation status.  We agree with the trial court's assessment that the minute order was not outdated or "stale."  As aptly noted by the trial court, minute orders are organized chronologically in the case file and the last, most recent minute order, dated January 14, 2020, stated that "probation in effect."  The absence of a more current minute order does not affirmatively demonstrate that probation was not in effect.  Rather, it merely demonstrates no judicial action has been taken since that date.  Furthermore, we cannot say that Investigator Estrada would or should have known that the information in the

8

court's database regarding Glahn's probation status was incorrect, as explained above. Investigator Estrada checked Glahn's probation status just the day before the search, and it showed that his probation was still active. There was no reason for the investigator to believe the trial court provided erroneous information. Based on these facts, Investigator Estrada was acting in an objectively reasonable manner when he relied on the trial court's database. (See *Downing, supra*, 33 Cal.App.4th at p. 1657 [reversing order granting motion to suppress where officer relied on court-maintained data]; *Arizona v. Evans* (1995) 514 U.S. 1, 15–16 [reversing judgment where there was "no indication that the arresting officer was not acting objectively reasonabl[e] when he relied upon" incorrect information provided by court clerk].)

Glahn's attempt to distinguish *Pritchett* from the instant case is unavailing. In *Pritchett*, the trial court granted the defendant's motion to suppress evidence obtained in a warrantless search based on the officer's belief she was on searchable probation. (102 Cal.App.5th at p. 358.) This belief was premised on information the officer gathered from a court database. However, the defendant, like Glahn, was not in fact on searchable probation, based on the changes to the probation term limits by way of AB 1950. The Court of Appeal concluded the good faith doctrine applied based on the officer's efforts to verify the defendant was on searchable probation. (*Id.* at p. 361.) The court made clear the officer's lack of knowledge of the effect of AB 1950 did not preclude a finding the officer acted in an objectively reasonable manner. (*Id.* at pp. 362–363.) Here, Investigator Estrada similarly relied on a court database in determining Glahn's probation status. He also went a step further in his investigation than the officer in *Pitchett* by

9

speaking with Glahn's probation officer, who (albeit incorrectly) confirmed his active status.

We conclude Investigator Estrada and Officer Huang acted in objectively reasonable good faith, and applying the exclusionary rule in this case would not serve to promote its purpose of deterring unlawful police conduct.  The trial court therefore did not err in denying the motion to suppress.

## DISPOSITION

The trial court's order denying Glahn's motion to suppress is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, Acting P. J.

WE CONCUR:


COLLINS, J.


MORI, J.

10